Argued March 9, affirmed March 22, petition for rehearing
denied April 25, 1967

OSBURN ET AL, *Respondents, v.* HAINES
ENTERPRISES, INC. ET AL,
*Defendants,*
and
LEDING, *Appellant.*

425 P. 2d 537

*Robert N. Munly,* Seaside, argued the cause for appellant. With him on the briefs was Agnes Marie Petersen, St. Helens.

*Thomas H. Tongue,* Portland, argued the cause for respondents. With him on the brief was Thomas E. Edison, Astoria.

Before PERRY, Chief Justice, and O'CONNELL, GOODWIN and REDDING, Justices.

O'CONNELL, J.

This is a suit against defendant Haines Enterprises, Inc., the purchaser, to foreclose a contract for the sale of the John Jacob Astor Hotel in Astoria. Elizabeth Leding, whom we shall hereafter refer to as defendant, became a party by way of cross-complaint in which she sought equitable relief in the form of an accounting by plaintiffs for the operation of the hotel and for a judgment against plaintiffs for one half the value of the hotel less the amount of $15,000 paid to her by plaintiff, John Osburn, for her stock in the hotel. Defendant Leding appeals from a decree dismissing her cross-complaint. Defendant Haines Enterprises, Inc. does not appeal.

Defendant's claim for relief rests upon the theory that she and John Osburn had entered into a partnership or a joint venture for the operation of the hotel prior to the contract of sale entered into with Haines Enterprises, Inc. Prior to the execution of the contract the hotel was in serious financial difficulty.

Plaintiff, defendant and Elise Blissett, stockholders of the hotel corporation, tried various methods of making the hotel a profitable operation but they

were not successful. One of the schemes devised to salvage something out of the hotel property was a rather complicated financial maneuver by which it was hoped that the hotel corporation could obtain mortgage loan financing. Those efforts, defendant contends, constituted a joint venture. After these unsuccessful attempts to financially resuscitate the hotel, John Osburn purchased defendant's stock for $15,000. Thereafter, Haines Enterprises, Inc. contracted to purchase the hotel for $170,000. Defendant contends that when Osburn purchased her stock he did not make a full disclosure of the prospective sale of the hotel, which he was obliged to do as a joint venturer and that, therefore, he must disgorge her share of the profit made on the sale.

The record will not sustain defendant's contention that she and plaintiff were engaged in a joint venture. Even if a joint venture had existed however, the evidence shows that before she sold her stock to Osburn defendant was informed by her attorney of all the essential facts relating to the prospective sale of the hotel.

The decree of the trial court is affirmed.